UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

LOUIS ALLISON,

                Plaintiff,

      v.                              Case No. 25-CV-1002

BROWN COUNTY, WISCONSIN, et al.,

                Defendants.

─────────────────────────────────────────────

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL ORDER AND AMENDING JUDGMENT TO REFLECT THAT ALLISON'S COMPLAINT AND THIS ACTION ARE DISMISSED WITHOUT PREJUDICE**

─────────────────────────────────────────────

Before the court is plaintiff Louis Allison's Motion to Vacate Dismissal Order, made pursuant to Rule 60, Fed. R. Civ. P. (ECF No. 13.) Allison requests the court vacate its prior order dismissing his action with prejudice (ECF No. 11) and the judgment rendered against him (ECF No. 12).

Allison has failed to demonstrate that he is entitled to relief under Rule 60 and therefore his motion will be denied. However, the court must acknowledge an error in dismissing this action with prejudice. The court's Order of Dismissal (ECF No. 11) was intended to be without prejudice but was inadvertently entered as a dismissal with prejudice. The court will correct that error by amending the judgment to reflect a dismissal without prejudice.

The defendants removed Allison's action from Brown County Circuit Court on July 11, 2025. (ECF No. 1.) That same day the Clerk of Court notified plaintiff's counsel, Jacob B. Gordon, that

> Counsel who are not admitted to the Eastern District of Wisconsin or registered for an account on this court's electronic case filing system (ECF) will need to be admitted and registered prior to e-filing with the court. Additionally, counsel will not receive electronic notification of filings until they become registered users.

(ECF No. 3.) Gordon maintains that he endeavored to gain admission upon receipt of the Clerk's letter. (ECF No. 13 ¶ 6.)

The defendants filed their Motion to Dismiss on July 16, 2025. (ECF No. 5.) Allison was required to respond within 21 days. *See* Civ. L.R. 7(b) (E.D. Wis.). When Allison failed to respond, even after more than double the allotted time elapsed, the court entered the following text only order on September 3, 2025:

> TEXT ONLY ORDER signed by Judge Byron B Conway on 9/3/2025: The defendants filed a "Motion to Dismiss or Stay" on July 16, 2025. (ECF No. 5.) The plaintiff failed to respond to the motion. See Civ. L.R. 7(b) (E.D. Wis.) (requiring non-movant to respond within 21 days). The plaintiff shall respond to the defendants' motion within seven days of this order. Failure to respond will result in the court dismissing this action under Civ. L.R. 41(c) for failure to prosecute. (cc: all counsel) (jmk)

(ECF No. 9.) Because Gordon had still not yet obtained admission to the Eastern District of Wisconsin nor registered for access to the court's ECF system, the Clerk of Court mailed this order to counsel along with a second letter reminding him of his obligation to obtain admission and register. (ECF No. 10.)

Again, Allison failed to take any action and, therefore, on September 15, 2025, the court dismissed the case with prejudice for failure to prosecute. (ECF No. 11); *see* Fed. R. Civ. P. 41(b); Civ. L.R. 41(c). Allison now moves to vacate the order of

dismissal. (ECF No. 13.) A court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect … or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "[R]elief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances …."*Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009). The Seventh Circuit maintains that courts should not reinstate cases under Rule 60(b) unless those exceptional circumstances were not within the meaningful control of the defaulting party or their counsel. *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1063 (7th Cir. 1989). Whether to grant relief under Rule 60(b) is highly discretionary. *Gray v. Wheat*, No. 3:22-cv-1123-DWD, 2025 U.S. Dist. LEXIS 27571, at *7-8 (S.D. Ill. Feb. 14, 2025).

Gordon states, "[t]he delay in filing the undersigned's appearance in this action and subsequent response to Defendants' Motion to Dismiss or Stay was occasioned by the removal of the action from the Circuit Court of Brown County into this Court, where Plaintiff's counsel was not admitted." (ECF No. 13, ¶ 12.) The court accepts this to be true, but it does not address, nor excuse, counsel's lack of diligence in seeking admission to this court.

Gordon goes on to assert that "[u]pon receiving the Notice of Removal and notice from the Clerk of the District Court" he "endeavored to be admitted to the U.D. [sic] District Court for the Eastern District of Wisconsin bar." (ECF No. 13, ¶ 6.) Significantly, he does not state when he submitted his application for admission, and the word "endeavored" hardly connotes urgency. In fact, the endeavor exceeded two

months. The Clerk of Court's records reveal that counsel did not apply for admission until September 15, 2025.

According to counsel, September 15, 2025, is the date when he received the court's September 3, 2025, order at his Chicago office. (ECF No. 13, ¶ 7.) This statement is difficult to credit, *cf.* Fed. R. Civ. P. 6(d) (adding three days for service completed by mail), and it is unsupported by any affidavit, declaration, or other appropriate evidence. Counsel offers only a copy of the Clerk's September 4, 2025, letter with "Sep 15 2025" stamped at the top. (ECF No. 13 at 17.)

Again, the defendants removed this action on July 11, 2025, and filed their motion to dismiss five days later. (ECF Nos. 1, 5.) Because Gordon was not yet a registered ECF user, defense counsel mailed that motion him. (ECF No. 5-1.) Around this same time, the Clerk mailed a notice to Gordon explicitly informing him of his obligation to obtain admission and register to use ECF. (ECF No. 3.)

It is frankly inexplicable and inexcusable that Gordon would allow more than two months to pass before he sought admission to this court. This delay is more egregious in light of the defendants' pending motion to dismiss and the fact that the Clerk explicitly advised him of his obligation to seek admission. Further, the Clerk's notice is a courtesy; no attorney should need reminding of his obligation to obtain admission to practice in a court where he has a case pending.

Litigation, particularly in federal court, can be a complex minefield of rules, procedures, and deadlines that even diligent attorneys sometimes struggle to navigate. Filings are overlooked or misdirected; deadlines are misunderstood or mis-

4

calendared; scrivener's errors occur. Occasionally, counsel may even labor under the mistaken belief that a removed case is effectively on hold until all counsel obtain admission. Mistakes happen. Indeed, this court acknowledged its own at the outset of this order. But Gordon does not point to any inadvertence or confusion that would excuse his inaction here. Instead, he points merely to the fact of removal and his lack of admission as the reason for his failure to respond. (ECF No. 13, ¶ 12.) But these circumstances are far from extraordinary. To the contrary, they are routine. It is the reason why the Clerk's Office has a standard form letter advising attorneys of their obligations in such situations. It is also the reason why the Clerk's Office processes attorney admissions on an expedited basis. Notably, Gordon was admitted within four days of his application. (ECF No. 13 at 23.)

Gordon does not allege that he confronted unexpected delays or complications in obtaining admission. Had that been the reason for his delay, a diligent attorney would have contacted the court to inform it of these issues.

In sum, Gordon's explanation does not satisfy Rule 60(b) and the court must deny Allison's motion to vacate its dismissal. However, the court acknowledges that it incorrectly designated its dismissal as being with prejudice. *See Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003) ("The drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." (quoting *GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993)); *see also Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993); *3 Penny*

5

*Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 339 (7th Cir. 1987). The circumstances of this action do not merit this harshest of sanctions. Accordingly, the Clerk will amend its judgment to reflect that Allison's action is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff Louis Allison's Motion to Vacate Dismissal Order (ECF No. 13) is **DENIED**. The Clerk shall amend the judgment to reflect that Allison's complaint and this action are **dismissed without prejudice.**

Dated at Green Bay, Wisconsin this 31st day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge